UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DEANTHONY PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: 3:20-CV-359-TAV-HBG |
| | ) |
| MIKE PARRIS, Warden, and | ) |
| C.O. BOWLEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 5]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 5] will be **GRANTED**.

Because Plaintiff is an inmate at the Morgan County Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B).

Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee.  This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.  The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     SCREENING

### A.     Plaintiff's Allegations

Plaintiff, a maximum-security inmate at the Morgan County Correctional Facility ("MCCX"), was on phase two of the restrictive house step-down program ("RHSDP") as of May 13, 2020 [Doc. 1 p. 3-4].  On that date, between 12:40 and 1:15 p.m., during a RHSDP session, Plaintiff was assaulted by inmate Demario Driver, another maximum-security inmate enrolled in RHSDP [*Id.* at 4].

During group RHSDP sessions, each inmate is shackled alone at a table to prevent physical interaction with the other inmates [*Id.*].  On May 13, 2020, Driver's handcuffs and shackles were not double locked as required by policy [*Id.* at 4-5].  This allowed Driver to remove his handcuffs and shackles, strike Plaintiff multiple times in the face, and repeatedly

slam Plaintiff's head into the table [*Id.* at 4]. There were no officers present in the pod during the attack [*Id.*].

As the attack was occurring, the class instructor went to the front door of the pod to notify security personnel, who "acted reluctant to come into the pod" [*Id.*]. When security personnel entered the pod, Driver ran to his cell and locked his door [*Id.* at 5]. Driver was not issued disciplinary charges, and no investigation into the event occurred [*Id.*].

Plaintiff contends that Warden Parris was negligent by failing to require security personnel in the pod while twelve maximum-security inmates were out of their cells, and he alleges that the failure to have an officer present in the pod is a violation of policy [*Id.*]. Plaintiff also maintains that Defendants' failure to ensure that policy was followed constitutes deliberate indifference under the Eighth Amendment, and the tort of negligence under Tennessee law [*Id.* at 6]. Plaintiff asks the Court to award him declaratory and monetary relief [*Id.* at 7].

### B. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.     Analysis**

Plaintiff does not indicate whether he is suing Defendants in their individual capacities, official capacities, or both. Out of an abundance of caution, the Court construes Plaintiff's complaint to raise allegations against Defendants in both their official and individual capacities.

### 1. Official-Capacity

A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In an action against an officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Defendants are employees of MCCX, a State prison within the Tennessee Department of Correction system. Therefore, Plaintiff's claim against Defendants in their official capacities is asserted against the State of Tennessee.

However, the Eleventh Amendment to the United States Constitution bars Plaintiff's claims for damages against the State, regardless of the nature of the relief sought. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, all claims against Defendants in their official capacities will be **DISMISSED**.

### 2. Individual-Capacity

#### a. CO Bowlen

Plaintiff's complaint is bereft of any mention of CO Bowlen's role in Plaintiff's alleged assault. As such, the complaint has failed to state a cognizable claim against CO Bowlen in his individual capacity, and he will be **DISMISSED**. *See, e.g.*, *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants

5

were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

### b. Warden Mike Parris

Plaintiff next contends that Warden Parris negligently failed to ensure that security personnel were in the pod during the RHSDP session, and that his failure to supervise his officers to ensure policy was followed led to the assault on Plaintiff [*See* Doc. 1 p. 6]. However, the Sixth Circuit has held that government officials may be individually liable under § 1983 for a failure to supervise only if they "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff's allegations against Warden Parris do not suggest any personal involvement in the events leading up to the alleged assault on Plaintiff, nor does Plaintiff contend that Warden Parris actively encouraged a failure to follow policy. Therefore, Plaintiff cannot sustain a § 1983 action against Warden Parris in his individual capacity.

Moreover, the Court notes that while prison officials have a duty to protect inmates from violence and take reasonable measures to protect their safety, *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994), an officer cannot be liable for failure to protect an inmate unless he knew of a substantial risk to the inmate and disregarded it. *See id.* at 837; *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). Because an officer must subjectively be aware of a substantial risk in order for liability to attach, an officer lacks liability when an inmate is a

victim of an unforeseeable attack. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Therefore, an officer's negligence or dereliction of duty cannot be the basis of a failure-to-protect claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

Here, Plaintiff concedes that each inmate was handcuffed and shackled to a separate table during the RHSDP session, and there is nothing in Plaintiff's complaint that would allow the Court to infer that prison officials knew or should have known that Inmate Driver posed a risk to Plaintiff, or that he was capable of slipping out of both sets of restraints. Therefore, Plaintiff has not alleged a set of facts that would allow § 1983 liability to be imposed against any MCCX official for the alleged assault on May 13, 2020.

### 3. State-Law Claims

Plaintiff also purports to hold Defendants liable for negligence, and for the assault and battery against him under the laws of the State of Tennessee. Section 1983 does not provide redress for violations of State law, however. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Inasmuch as there are no surviving federal claims in this action, Plaintiff's State-law claims will be **DISMISSED** without prejudice. *See* 28 U.S.C. § 1367(c).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

7

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

6. All State-law claims are **DISMISSED without prejudice**; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE